

**NUMBER 13-13-00687-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI − EDINBURG**

**SAM SENDEJO,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 105th District Court
of Kleberg County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant, Sam Sendejo, was indicted for possession of cocaine, less than four grams, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2013 3d C.S.). On January 12, 2005, appellant pleaded guilty to the offense. The trial court sentenced appellant to three years' confinement, probated for three years, and assessed a $2,500 fine. Following a motion to revoke filed by the State on August 5, 2007, the trial court extended the term of appellant's probation until January

11, 2015. On May 16, 2013, the State filed its third motion to revoke alleging that appellant had committed six violations of his community supervision. The trial court conducted a hearing on the motion on June 3, 2013, at which appellant pleaded true to the allegations of consumption of alcohol, failure to pay supervision fees, and failure to pay attorneys' fees. Appellant pleaded not true to the allegations of criminal mischief, theft, and criminal trespass. After considering evidence, the trial court found the allegations of criminal mischief and theft true. The trial court revoked appellant's community supervision and assessed his punishment at the original sentence of three years' confinement.

Concluding that there are no errors that would result in the reversal of the judgment of the trial court, appellant's counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's appellate counsel has filed a motion to withdraw and a brief with this Court stating that he has found no reversible error committed by the trial court and no arguable ground of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has explained why, under controlling authority, there are no reversible errors in the trial court's judgment. In his *Anders* brief, counsel noted that he specifically considered "whether Sendejo's plea of true and the evidence presented were sufficient to support the revocation of his probation and reasonable sentence." Counsel has informed this Court that he has complied with the requirements of *Anders* by (1) examining the record and applicable law and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief and motion to withdraw as counsel on appellant, and (3) informing appellant of his right to review the record and to file a pro se response raising any ground of error or complaint which he may desire.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response with this Court. *See In re Schulman*, 252 S.W.3d at 409 n. 23.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's *Anders* brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, we affirm.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

*/s/ Rogelio Valdez*
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of June, 2014.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.